UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETROLEUM MARKETING GROUP, INC.;
PMG EASTERN SHORE, LLC; and
OCEAN PETROLEUM, LLC,

                Plaintiffs,

   -v-                                                  8:19-CV-1256

EXPRESS FARM, INC. and XI LI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

HARRITON & FURRER, LLP               URS BRODERICK FURRER, ESQ.
Attorneys for Plaintiffs
84 Business Park Drive
Suite 302
Armonk, NY 10504

DAVID N. HURD
United States District Judge

## **ORDER**

     On October 11, 2019, plaintiffs Petroleum Marketing Group, Inc., PMG Eastern Shore, LLC, and Ocean Petroleum, LLC, filed this action against defendants Express Farm, Inc. and Xi Li seeking a declaratory judgment and money damages for violations of the Lanham Act and breach of contract.

     On the same day, plaintiffs sought by emergency motion a temporary restraining order pending the entry of a preliminary injunction. Plaintiffs' requested preliminary relief essentially seeks specific performance of the underlying contracts. Specifically, plaintiffs

request that: (1) Express Farm, Inc. immediately rebrand the property located at 130 East Main Street, Gouverneur, New York 13642 to comply with all Mobil branding and trademark requirements and the Branded Supply Contract; (2) Express Farm purchase all petroleum products for sale at 130 East Main Street, Gouverneur, New York 13642 and comply with all other terms in the Branded Supply Contract; and (3) Express Farm make timely payment for all fuel deliveries pursuant to the Branded Supply Contract.

A temporary restraining order is an extraordinary remedy that should only be granted if the movant can clearly show the need for one. See generally FED. R. CIV. P. 65(b). In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction. Fairfield Cty. Med. Ass'n v. United Healthcare of New Eng., 985 F. Supp. 2d 262, 270 (D. Conn. 2013), aff'd, 557 F. App'x 53 (2d Cir. 2014) (summary order).

To obtain such relief, a plaintiff must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" Id. (quoting N.Y. Civil Liberties Union v. N.Y.C. Transit Auth., 684 F.3d 286, 294 (2d Cir. 2012)).

Upon careful review of all of plaintiffs' submissions, the motion for a temporary restraining order will be denied. However, an expedited briefing schedule will be set for argument on the request for a preliminary injunction.

Therefore, it is

ORDERED that

1. Plaintiffs' motion for a temporary restraining order is DENIED;

2. Plaintiffs are directed to serve the Complaint and this Order together with the papers filed in support thereof on defendants, and file proof of service no later than 5:00 p.m. on Monday, October 21, 2019;

3. A hearing on plaintiffs' request for a preliminary injunction will be held on Friday, November 8, 2019 at 11:00 a.m. in Utica, New York with personal appearances required;

4. Defendants shall file and serve opposition papers, if any, by 5:00 p.m. on Thursday, October 31, 2019; and

5. Plaintiffs shall file and serve reply papers, if any, by 5:00 p.m. on Tuesday, November 5, 2019.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 15, 2019
      Utica, New York.