# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**Petroleum Marketing Group, Inc., et al**.

                                                                                                      No. **8:19-CV-1256 DNH/CFH**

   VS

**Express Farm, Inc., et al.**

---

**IT IS HEREBY ORDERED** that, Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge, on **January 9, 2020, at 9:00 AM** at the United States Courthouse, at Room Number 441, Albany, New York and by telephone.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed R. Civ. P. 26(f) with respect to all of the agenda items below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed wit the clerk no later than **seven (7)** days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 9th day of March, 2020.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 9th day of March, 2020.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 9th day of September, 2020.

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 9th day of November, 2020.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before the 10th day of January, 2021. It is anticipated that trial will take approximately 3 days to complete. The parties request that the trial be held in Albany, N.Y.

**6: HAVE THE PARTIES FILED A JURY DEMAND:** No.

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BENE SERVED?**

The court has subject-matter and personal jurisdiction. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDING COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Defendant Express Farm, Inc. operates a gas station at 130 East Main Street, Gouvernor NY (the "Property"). Defendant Xi Li is Express Farm's principal.

In 2013, Plaintiff Ocean Petroleum, Inc., predecessor in interest to Petroleum Marketing Group, Inc. and PMG Eastern Shore, LLC, and Defendant Express Farm, Inc. entered into a contract by which Plaintiffs were the exclusive supplier of petroleum products for Express Farm at the Property, and Express would operate under the Mobil brand until 2023. Under the contract, Express Farm was to purchase a minimum amount of petroleum products per month. In addition, Ocean Petroleum would advance certain incentive payments and branding allowances, which Express Farm had to repay under certain conditions. Mr. Li provided a personal guaranty, which Plaintiffs contend guarantee all obligations of Express Farm under the contract.

In June 2019, Express Farm was unable to use all available underground storage tanks on the property because of environmental issues, the nature of which the parties dispute. As a result, Express Farm was unable to sell all grades of gasoline that the contract required. Plaintiffs contend that Express Farm thereby breached the contract. Plaintiffs now seek money damages for lost profits relating to Express Farm not purchasing all gasoline grades and the minimum gallonage required under the contract, including damages for lost gasoline sales for the remaining term of the contract. Plaintiffs also claim that Express Farm's alleged breach entitles them to repayment of the incentive payments and of the branding allowance.

Defendants plead in its affirmative defenses that Ocean Petroleum failed to release the $50,000 deposit, precluding Plaintiffs' claims. Defendants also claim that any purported breach of the contract resulted from their obligation to comply with New York's environmental laws, and so that there was no breach or that various affirmative defenses would apply. Lastly, Defendants claim that they did not actually receive the amount of incentive payments and the branding allowance that Plaintiffs claim.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Factually, the parties dispute the nature and cause of the environmental issues at the property. The parties also dispute whether Ocean Petroleum released the $50,000 security deposit and whether Ocean Petroleum in fact made the incentive payments and paid the branding allowance.

Legally, the parties dispute the effect of the environmental issues at the property and the model of damages applicable to Plaintiffs' lost-profit claims They also may dispute the legal effect of Ocean Petroleum not releasing the deposit, incentive payments, and branding allowance (if it in fact did not do so).

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISUSES APPROPRIATE FOR DECISION ON MOTION?**

The parties may be able to stipulate to certain facts after completing written discovery. Some of the issues may be suitable for resolution by motion for summary judgment.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs seek monetary damages in excess of $223,933 and attorney's fees. Defendants have not counterclaimed.

**12) DISCOVERY PLAN**

    **A.**    **Mandatory Disclosures**

*The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.*

    **B.**    **Subjects of Disclosure**

*The parties jointly agree that discovery will be needed to address the following subjects:*

Environmental issues, the $50,000 security deposit, the incentive payments and branding allowance, communications between the parties, and Express Farm's operations.

    **C.**    **Discovery Sequence**

*Describe the parties understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.*

The parties expect to first complete written discovery and third-party subpoenas for documents. Then they would take depositions. It is not anticipated that discovery will be phased.

    **D.**    **Written Discovery**

*Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.*

The parties expect to propound interrogatories and requests for production of documents.

    **E.**    **Depositions**

*Set forth the parties expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.*

The parties expect that depositions of Mr. Li, of corporate designees of all corporate parties, and of certain employees of Plaintiffs involved in administering Express Farm's contract would be taken. In addition, third-party depositions may be taken as to environmental issues at the property.

### F. Experts

*Set forth the parties' exceptions regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).*

The parties may retain experts in environmental issues or in underground storage tanks. The parties do not seek a variance from the uniform pretrial scheduling order typically issued by the court.

### G. Electronic Discovery

*Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of8 electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.*

The electronically stored information consists primarily of emails between the parties and their employees or other representatives. The parties will produce emails either by printout or in original format. The parties have not entered into any agreements regarding ESI. To the extent that the parties contend that ESI is subject to claims of privilege or work-product protection, they would produce privilege logs.

### H. Protective Orders

*If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed order.*

n/a

### I. Anticipated Issues Requiring Court Intervention

*Provide a brief description of any discovery related issues which the parties reasonable anticipate may require court intervention.*

None.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE**

**OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It is too early to determine whether the length of trial can be reduced by expedited means of presenting evidence. The parties do not believe it is desirable to bifurcate issues for trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

n/a

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1 ----- 2 -----3 -----4 -----5 -----6 -----7 -----8 -----9 -----10

(VERY UNLIKELY)                    (LIKELY)

CANNOT BE EVALUATED PRIOR TO: Receipt of discovery responses.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
Defendants contend that they were not provided with the release of a $50,000 deposit, on which the contract at issue here is, in Defendants' view, "contingent." The receipt of proof of payment of this money or admission that it was not paid would assist settlement efforts in Defendants' view.

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

     A.    Reviewed General Order #47?    Yes.

     B.    Reviewed the List of Court Approved Mediators on the NDNY website?   Yes.

     C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?     Yes.

     D.    Discussed the time frame needed to complete Mandatory Mediation? Yes.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed R. Civ. P. 26(f), a meeting was held on various dates by phone and was attended by Urs. Broderick Furrer, Esq., for Plaintiffs and by Daniel J. Auerbach, Esq., for Defendants.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in PLL

this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f)

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***